Application to adjourn the initial pretrial conference pending Defendant's proposed motion to dismiss is **DENIED**.  The initial pretrial conference scheduled for April 17, 2024, is adjourned to **May 15, 2024, at 4:00 P.M.**  At that time, the parties shall call 888-363-4749 and enter the access code 558-3333.  The deadline for the parties to file the joint letter and proposed case management plan, including an update on the *Cordova* action, is extended to **May 8, 2024**.  So Ordered.

The Clerk of Court is respectfully directed to close the motion at Dkt. 11.

Dated:  April 8, 2024
          New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

         Re:    *Federal Insurance Company v. Mt. Hawley Insurance Company*
                <u>Civil Action No.:  24-cv-1557 (LGS)</u>

Dear Judge Schofield:

     This office represents defendant Mt. Hawley Insurance Company ("Mt. Hawley") in the above-referenced action and submits this pre-motion letter in accordance with Your Honor's Individual Practice Rule III.C.2.  Mt. Hawley intends to file a Rule 12 (b) (6) motion to dismiss this action.

     This is an insurance coverage action relating to an underlying personal action entitled *Cordova v. Conelle Constr. Corp., et al.*, Index No. 1349/2013 (the "Underlying Action"), still currently pending in the Supreme Court of New York, Kings County.  The Underlying Action involves a personal injury claim by a worker injured on a construction project when he allegedly fell from a scaffold.  (Compl, ¶1).  The injured worker was employed by a company named Advanced Projects Drywall, which was apparently hired by another contractor named Vincent Cascone Contracting.  (*See id*., ¶2)

     By way of brief background, this is not the first declaratory judgment action filed by plaintiff Federal Insurance Company ("Federal") against Mt. Hawley relating to the Underlying Action.  In 2021, Federal brought suit against Mt. Hawley in an identical action entitled *Federal Insurance Company v. Mt. Hawley Insurance Company*, Docket No. 1:20-cv-06537 ("Prior DJ Action").  Federal issued general and excess liability policies to one of the defendants in the Underlying Action, the tenant Wieden & Kennedy, Inc. ("W&K"). (*Id*., ¶3.) Mt. Hawley issued primary and excess liability policies to the general contractor, Conelle Construction Corp. ("Conelle"). (*Id*.)

     In the Prior DJ Action, Federal sought a declaration that its named insured, W&K, was entitled to both defense and indemnification under the Mt. Hawley policies as an additional insured.  (*Id*., ¶7.)  Shortly after the filing of the Prior DJ Action, Federal and Mt. Hawley reached a settlement agreement as to the defense claim.  (*Id*., ¶8.) As part of that settlement, Mt. Hawley agreed to reimburse Federal for a portion of W&K's past defense costs and agreed to

contribute a percentage toward W&K's future defense costs. (*Id*.) Based on the settlement, the claims in the Prior DJ Action were dismissed by the Court. (ECF Dkt. 17.)

In the Underlying Action, plaintiff prevailed as to his claim of statutory liability under N.Y. Labor Law §240(1). Thereafter, the Underlying Action proceeded to trial on damages. (Compl., ¶10). Before the verdict in the damages portion of the trial, Federal entered into a high/low settlement agreement on behalf of its insureds, W&K, and the owner, W. & M. Operating, LLC ("W&M"). (*Id*.)

Notably, W&K's motion for summary judgment on its contractual indemnification claim against Conelle was denied based on issues of fact. After the verdict on damages in the Underlying Action, the plaintiff's claims were settled by virtue of the high/low entered into by Federal on behalf of W&M and W&K. (*Id*., 10). Mt. Hawley's understanding is that the defendants in the Underlying Action (including W&K and Conelle) will proceed to trial on the third-party indemnity claims within the next few months, which may resolve important questions of fact as to liability and fault.

Federal's sole claim for declaratory relief in this Action is for indemnification, namely the recovery of the high/low settlement amount that it paid on behalf of its insureds, W&M and W&K. Mt. Hawley intends to move to dismiss this Action on the grounds that unless and until there are determinations of liability and fault in the Underlying Action, Federal cannot proceed with its declaratory claim for indemnification because it cannot establish that W&K qualifies as an additional insured under the Mt. Hawley policies for indemnification purposes.

Although the underlying pleadings determined whether W&K was entitled to a defense under the Mt. Hawley primary policy (which claim was settled), only a finding of actual fault in the Underlying Action will determine whether W&K qualifies as an additional insured with respect to indemnification under the Mt. Hawley policies. As is the case with many general liability policies, Mt. Hawley's policies only extend additional insured indemnity coverage if the liability is caused in whole or in part by the named insured's acts or omissions, *i.e*., the named insured's negligence. *Burlington Ins. Co. v. NYC Tr. Auth.,* 29 N.Y.3d 313 (2017). Accordingly, unless and until there is a determination of negligence against Conelle, W&K cannot be entitled to indemnity coverage as an additional insured under the Mt. Hawley policies, and Federal has no standing to pursue such a claim as a matter of law. *See., e.g., Greenwich Ins. Co. v. City of New York*, 122 A.D.3d 470, 471 (1st Dep't 2014) ("[t]he duty to indemnify requires a determination of liability"); *Bovis Lend Lease LMB Inc. v. Garito Constr., Inc*., 65 A.D.3d 872, 875 (1st Dep't 2009) (indemnification claim premature "[i]n the absence of a jury finding in the underlying action").

Based on this well-settled New York law regarding additional insured indemnity coverage, which will govern the interpretation of the Federal and Mt. Hawley policies in this diversity action, Mt. Hawley will move to dismiss this action.[1]

---

[1] It should be noted that even if there is a finding in the Underlying Action that ultimately determines that Conelle's negligence caused and/or contributed to the underlying accident, there are other legal issues that would need to be addressed by the Court, including but not limited to, the application of the designated ongoing operations exclusion in the Mt. Hawley policies for exterior work above two stories in height.

Hon. Lorna G. Schofield 3 March 26, 2024

      With respect to a proposed briefing schedule on this motion, we propose to file Mt. Hawley's motion to dismiss by April 12th, Federal's opposition be filed by May 12th, and Mt. Hawley's reply brief be filed by May 24th. I have conferred with Federal's counsel as to this proposed schedule.

      Finally, by Order dated March 5, 2024, Your Honor scheduled an Initial Conference for April 17th. In light of Mt. Hawley's intention to file a motion to dismiss as summarized above, we respectfully request that the Initial Conference be adjourned pending Mt. Hawley's Rule 12 (b) (6) motion.

      Respectfully submitted,

      Joseph D'Ambrosio

cc:    Adam Stein, Esq. (via ECF)